By the Court.—Barbour, Ch. J.
This is an action as in ejectment to recover the possession of a parcel of land in this city, of which the plaintiff claims to be the owner.
The answer denies the alleged ownership of the plaintiff, and avers that the defendant is the owner, under and by virtue of a sheriff’s sale of the promises and sundry mesne conveyances.
Upon the trial it was claimed and admitted by both parties that, in March, 1846, Francis Price was seized and possessed of the premises in fee.
The plaintiff then proved a conveyance of the'land from Price to J. F. Barley, in November, 1851, by a deed containing full covenants of warranty, and also deeds from Barley to Livingston, from the latter to Nash, and from Nash to Braisted, and from him to the plaintiff, granting the same premises.
The defendant then read in evidence a certificate of J. J. Y. Westervelt, sheriff of New York, dated April 13, 1848, stating the sale by him upon execution, of all the estate and interest of Price in the land to Charles O. Bichardson, together with the judgment, execution, advertisement, &c.$ under which such sale was had.
*532 Also, an assignment of that certificate made by Bichardson, in Hovember, 1866, to J. B. Findell, a deed executed by John Kelly, sheriff of Hew York, in October, 1867, reciting the above sale, &c., and conveying the premises to Findell; a deed from Findell to T. Thorpe, and a conveyance from the latter to the defendant.
The plaintiff excepted to the decision admitting this deed.
The defendant also read in evidence a deed of assignment executed by Price in September, 1847, to John J. Batting, receiver, &c., as follows:
'Supreme court. In equity, late in chancery, before the vice-chancellor of the first circuit. Thaddeus B. Wakeman and Ebenezer Seeley ». Francis Price. Assignment of receiver. This indenture, made this 10th day of September, in the year one thousand eight hundred and forty-seven, between Francis Price, of Hudson county, in the State of Hew Jersey, of the first part, and John J. Batting, counsellor at law, of the city of Hew York, receiver of the estate and effects hereinafter referred to, appointed by the court of chancery of the city of Hew York, of the second part.
Whereas, in and by an order of the said court of chancery of the State of Hew York, before the late vice-chancellor of the first circuit, a certain cause wherein Thaddeus B. Wakeman and Ebenezer Seeley are complainants and the said Francis Price is defendant, it was ordered that it be referred to David B. Garniss, one of the masters of this court residing in the city and county of Hew York, to appoint a receiver of the money, property, things in action, and effects of the above named defendant, Francis Price, with the usual powers and authority of receivers in like cases, and that the said master take from the said receiver and file with the clerk of this court the requisite security, and it was further ordered that the above named defendant. *533 Francis Price, assign, transfer, and deliver to such receiver on oath, under the direction of the said master, all the property, money, equitable interests, things in action, and effects of the above named defendant, Francis Price, with all the books and papers relating thereto, and the evidences thereof ; and that the above named defendant, Francis Price, appear before the said master, from time to time, and produce such books and papers, and submit to such' examination as the said master shall direct in relation to the said property, equitable interests, things in action and effects, as by reference to the said order granted in said cause will more fully appear; and whereas the said party of the second part has been duly appointed such receiver, and has given and filed the requisite security pursuant to the rules and practice of the said court, and to the provision of the said order.
How, this indenture witnesseth that the said party of the first part, in obedience to the said order and in consideration of the premises aforesaid, and of the sum of one dollar to him in hand paid by the said party of the second part, at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, has conveyed, assigned, transferred and delivered over, and by these presents does convey, assign, transfer and deliver over unto the said party of the second part, under the direction of the said master, testified by his approval indorsed hereon, all estate— real and personal—chattels real, moneys, outstanding debts, things in action, equitable interests, property and effects, whatsoever and wheresoever, • of, or belonging or due to, the said party of the first part, or in which had any estate, right, title or interest at the time of 'filing the bill of complaint in the above recited suit in chancery, and which bill was filed on the 8th day of April last, and also all deeds, writings, leases, muniiments of title, books of account, papers, vouchers, and *534 other evidences whatsoever relating or appertaining thereto. To have and to hold the same unto Mm, the said party of the second part, as snch receiver as aforesaid-, and to Ms successors and assigns, subject to the present and future order, direction or control of the said court of chancery in relation thereto.
In witnéss whereof, the said party of the first
[l. s.] part has hereunto set his hand and seal the day and year first above written.
Francis Price.
Sealed and delivered in presence of
David E. Garniss.
The plaintiff then proved that Isaac Adriance was the attorney of Price in 1849, and that Price, Adriance and Westervelt, were all dead, and he then read a receipt wholly written and signed by Westervelt, with a memorandum thereupon, in the handwriting of Adriance, which it was proved were delivered to H. Lawrence with other mumments of title, upon the purchase of lands by him from Price, in 1852. The receipt and memorandum are as follows :
Supreme Court.
Cornelius Brinokerhoee & Henry Brinckerhoef j j>igelow _Erancis Price. \ Attorney.’
Eeceived, Hew York, April 10, 1849, from Francis Price, the above named defendant, seventy-two yihydollars, said money so paid by Mm to redeem property sold under an execution in the above entitled cause on the 13th day of April, 1848, situate in the Twelfth Ward of the city of Hew York, the above amount being in full for the purchase money and interest at ten per cent., for all the property sold by me on that day under said execution.
$72^
(Signed) John J. Y. Westervelt,
Sheriff, &c.
*535 On the originial is the following memorandum in handwriting of Isaac Adrian ce, Esq. :
“ 1 asked Mr. Westervelt whether that amount was all that was necessary to redeem all the property sold by virtue of the execution ; he answered that it was ; as I told him I wanted to redeem all that was sold 10th April, 1849.”
(Signed) I. Adeiaxce.
“I paid the sheriff the above money and took the above receipt for F. Price.”
A deed from Latting, the assignee, to Price, dated August 30, 1850, was also read by the plaintiff, which deed, after reciting, among other things, the assignment to the former, the fall satisfaction of the creditors in that suit, &c., reconveyed the premises which are the subject to this action to Price.
Upon this evidence the court directed the jury to find a verdict for the defendant, and ordered that the exceptions be heard at the first instance at general term, and that the judgment be suspended in the mean time, to which decision and ruling the plaintiff excepted.
That exception, and one taken to the admission of the deed from Kelly, sheriff, to Findell, are the only exceptions in the case.
As the plaintiff in an action of ejectment must rely wholly upon the strength of his own title, and can take no benefit from the weakness of that of his adversary, it was immaterial whether the defendant was in possession under an assignment of the certificate of Sheriff W estervelt or the deed of Sheriff Kelly (Jackson on Real Actions, 5 ; Adams on Eject. 32, 285 ; 1 Chit. Pl. 173).
The deed, therefore, was irrelevant as evidence, and might properly have been excluded if the objection had been based upon that ground, but it was not, although the objection made was a specific one; even in that *536 case, however, it is difficult to see how the admission of the paper could have worked any harm or advantage to either party.
That exception should therefore be overruled.
The great question in the case, and the only remaining one is, whether the learned judge erred, in directing the jury to find a verdict for the defendant upon the evidence.
The defendant’s counsel claims that, under the statute of champerty (1 R. S. § 739), the deed to the plaintiff was void, for the reason that the property was then in possession of a party claiming ownership under an adverse title. It is sufficient to say, in regard to that, that the case does not show any fact touching the actual possession of the premises, beyond an averment contained in the complaint, which states that the defendant was in possession when the action was commenced.
There is no evidence in the case that the sheriff ’ s certificate of sale was ever recorded, and it affirmatively appears that the deed of Sheriff Kelly was not recorded until after the deed under which the plaintiff claims title was delivered to and recorded by him. The fact may therefore be legally assumed that the plaintiff, as well as each of the intermediate grantees from Price, purchased in good faith, without notice of the certificate of Sheriff Westervelt, or of Sheriff Kelly’s deed, and for that reason, it must be held, as matter of law, that the plaintiff’s title is perfect. For the statute of executions (3 H. 8. 365) requires the sheriff to make and sign duplicate certificates of sale, to file one of them in the office of county clerk, and deliver the other to the purchaser, and it further provides that such certificate may be proven or acknowledged in the manner required by law to entitle deeds to be recorded (§§ 43, 3, 4). The purchaser was therefore in a position which would have enabled him to record his certificate if he *537 had seen fit. (It may be, remarked, in passing, that the act of 1857, 4 Edm. Stat. 634, now makes it the duty of the clerk or register to record the certificate when filed.) The first section of the statute concerning the proving and recording of conveyances (1 R. S. § 755) enacts that every conveyance not recorded as therein provided for, shall be void as against any subsequent purchaser in good faith, &c., and section 38 declares that the term “conveyance,” as there used, shall be construed to embrace every instrument in writing, by which any estate or interest in real estate is created . . . or by which the title to any real estate may be affected in law or equity, &c.
It is true that the right and title of Price were not absolutely divested by the sheriff s sale and certificate until the expiration of fifteen months from the time of sale. But it can hardly be doubted that the sale and certificate conferred upon the purchaser, at least an equitable lien and charge upon the interest in the land, ab initio, such an interest as would, upon the execution to him of a deed by a sheriff, become a fee, for certain purposes, from the time of the sale (See 2 R. S. 373, § 61 ; Smith v. Colvin, 17 Barb. 157 ; Schermerhorn v. Merrill, 1 Barb. 512.
Again, the evidence given upon the trial was sufficient to establish the fact that the premises were duly redeemed by Price from the sheriff’s sale. For first: Price being the debtor in the judgment upon which the execution was issued, had a right to redeem by the terms of the act (2 R. S. 370, § 46 ; Chautauque Co. Bk. v. Risley, 19 N. Y. 373 ; Borden v. Moore, 18 D. 251), and even if the right of redemption given by the statute is to be considered as a right in rem which cannot be exercised by a judgment debtor who has ceased to have any estate or interest in the land which is the subject of redemption, as one branch of the supreme court seems to have held in Husted v. *538 Dakin (17 Abb. 137), still Price had a right to redeem. For, although his conveyance to Latting as trustee was, in terms, an absolute grant to the latter and his successors in fee, for the purposes of the trust, without any expressed reservation of an estate in reversion, such estate in reversion was, in fact, reserved to the grantor by section 67 of the statute of trusts to the same extent and effect as it would have been had the following language of the statute been incorporated in the deed ; “When the purposes for which an (this) express trust shall have been created shall have ceased, the estate of the trustee shall also cease” (1 R. S., 730 ; see also Id. 723, § 12 ; Co. Lilt. 142, b ; 2 Bl. Com. 172 ; 1 Steph. Com. 290 ; 4 Kent's Com. 354).
In either case the moment the trust should be satisfied by the payment of the debt and charges, either by the judgment debtor, or out of the proceeds of a portion of the trust property, the remainder of it would revert to and revest in, the grantor as his original estate, reservéd to him as an estate in reversion.
Second. The evidence was sufficient to justify the jury in finding as matter of fact, if the question had been submitted to them, that Price did, within twelve months after the sale, pay to Sheriff Westervelt the sum for which the land was sold, together with the accrued interest, and thereby redeem the premises.
The receipt of Sheriff Westervelt was, in substance and effect, such a certificate of redemption as he was required by section 5 of the statute of 1847 to execute officially, to the person making the redemption (see 4 Edm. Stat. 631), and the plaintiff was therefore entitled, under the express provision in that regard, which is contained in section 6 of the statute, to read the same in evidence, as he did. It is true that Price might, if he had seen fit, have caused such certificate to be proven or acknowledged and recorded.« But that was wholly unnecessary, inasmuch as the certificate of *539 sale had not been recorded, and it would have involved a useless expense.
Upon and by the redemption of the premises, the sale of the same by the sheriff, and his certificate of such sale became and were null and void (2 Rev. Stat. 371, § 49); when, therefore, the lands were re-conveyed by Latting to Price, the latter became the absolute owner thereof in fee simple, and the deeds read in evidence by the plaintiff upon the trial, proved that such estate in fee was then in him. For this reason, as well as because the plaintiff was a purchaser in good faith, without notice of any adverse claim or possession, the plaintiff and not the defendant was entitled to a verdict, and it follows that the learned justice erred in directing the jury to find in favor of the defendant.
The verdict should be set aside and a new trial awarded, with costs to the plaintiff, to abide the result.